UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

MALINKA MOYE,

        Plaintiff,

v.

LYDIA BACA,

        Defendant.

No. C 08-02124 SBA

**ORDER**

[Docket No. 3]

## REQUEST BEFORE THE COURT

Before the Court is *pro per* plaintiff's Application to Proceed *in Forma Pauperis* (the "Application") [Docket No. 3]. For the reasons discussed below, the Court DENIES without prejudice the Application.

## BACKGROUND

On April 24, 2008, plaintiff *pro per* sued defendant Lydia Baca. *See* Docket No. 1. Plaintiff's complaint simply states he is suing defendant under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*, the Uniform Fraudulent Transfers Act of 1996, the Uniform Fraudulent Conveyances Act, and perjury. Plaintiff provided no other allegations to support his listed claims.

## LEGAL STANDARD

**I.   Demonstrating *In Forma Pauperis* Status**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that

///

///

includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life. *Adkins*, 335 U.S. at 339.

**II.     Claims Review under 28 U.S.C. § 1915**

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

**ANALYSIS**

The Court has reviewed plaintiff's Complaint and finds it does not state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). While Federal Rule of Civil Procedure 8 only

requires, "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), a party must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, __ U.S. ___, 127 S.Ct. 1955 (2007); *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (a complaint must sufficiently establish a basis for judgment). Here, plaintiff has failed to provide any notice to defendant as to what are the bases for his claims.

Further, under claims asserting fraud, plaintiff must meet the higher pleading standards of "particularity," imposed by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). Because, however, plaintiff may be able to cure his pleading defects by amendment, the Court will grant him 30 days leave to amend.

Even if plaintiff had stated a claim upon which relief could be granted, however, the Court could not grant his Application. The Court notes it is difficult to read and illogical. *See* Docket No. 3. Plaintiff alleged he has a monthly income of $750,000 per month, no expenses, yet receives Supplemental Security Income ("SSI") from the Social Security Administration. *See id.* The Court could not approve such an Application. Because, however, plaintiff may be able to cure these defect by amendment, the Court will grant plaintiff 30 days leave to amend.

**If, however, plaintiff fails to file an Amended Complaint and a new Application, within 30 days of the date of this Order, the Court will dismiss this matter without prejudice, for failure to prosecute.**

## CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice plaintiff's Application to Proceed *in Forma Pauperis* [Docket No. 3]. Likewise, the Court DISMISSES plaintiff's Complaint [Docket No. 1]. Plaintiff has 30 days from the date of this Order to filed an Amended Complaint and file a new Application. **If, however, plaintiff fails to file an Amended Complaint and a new**

///

**Application, within 30 days of the date of this Order, the Court will dismiss this matter without prejudice, for failure to prosecute.**

IT IS SO ORDERED.

April 30, 2008

_____
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINKA MOYE, | Case Number: CV08-02124 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| LYDIA BACA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malinka Moye
40. 42. Parsons Street
San Francisco, CA 94118

Dated: April 30, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk