Malinka  Moye
40. 42. Parsons Street
San Francisco,  CA 94118

CV08-02124 SBA

UNITED STATES POSTAGE

$ 00.58⁰
02 1A
0004333787    MAY 01 2008
MAILED FROM ZIP CODE 94612

**FILED**

MAY - 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

NIXIE    941    5E 1    30 05/05/08

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 94612521299    *0405-04590-01-43

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
1301 CLAY ST., SUITE 400S
OAKLAND, CA 94612-5212

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

FILED

APR    2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

MALINKA MOYE,

        Plaintiff,

  v.

LYDIA BACA,

        Defendant.

No. C 08-02124 SBA

**ORDER**

[Docket No. 3]

## REQUEST BEFORE THE COURT

    Before the Court is *pro per* plaintiff's Application to Proceed *in Forma Pauperis* (the "Application") [Docket No. 3]. For the reasons discussed below, the Court DENIES without prejudice the Application.

## BACKGROUND

    On April 24, 2008, plaintiff *pro per* sued defendant Lydia Baca. *See* Docket No. 1. Plaintiff's complaint simply states he is suing defendant under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*, the Uniform Fraudulent Transfers Act of 1996, the Uniform Fraudulent Conveyances Act, and perjury. Plaintiff provided no other allegations to support his listed claims.

## LEGAL STANDARD

**I.**   **Demonstrating *In Forma Pauperis* Status**

    The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

        Any court of the United States may authorize the commencement, prosecution or

        defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

        prepayment of fees or security therefor, by a person who submits an affidavit that

///

///

1    includes a statement of all assets such person possesses that the person is unable to

2    pay such fees or give security therefor.

3    28 U.S.C. § 1915(a)(1).

4        A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v.*

5    *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th

6    Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). An affidavit is sufficient if it states a person cannot

7    pay or provide security for court costs and still provide himself or herself and any dependents with

8    the necessities of life. *Adkins*, 335 U.S. at 339.

9    **II.    Claims Review under 28 U.S.C. § 1915**

10        Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma*

11   *pauperis* "at any time" if it determines: (1) the allegation of poverty is untrue; (2) the action is

12   frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief

13   from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings

14   must be liberally construed. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

15   When reviewing a complaint, however, a court does not accept as true unreasonable inferences or

16   conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*,

17   643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir.

18   2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss

19   for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001);

20   *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without

21   more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is

22   properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d

23   655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found deficient and an amendment could

24   possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v.*

25   *Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

26                                          **ANALYSIS**

27        The Court has reviewed plaintiff's Complaint and finds it does not state a claim upon which

28   relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). While Federal Rule of Civil Procedure 8 only

1    requires, "a short and plain statement of the claim showing that the pleader is entitled to relief[,]"

2    Fed. R. Civ. P. 8(a)(2); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination*

3    *Unit*, 507 U.S. 163, 168 (1993); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), a

4    party must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

5    it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v.*

6    *Twombly*, __ U.S. ___, 127 S.Ct. 1955 (2007); *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d

7    1475, 1481 (9th Cir. 1997) (a complaint must sufficiently establish a basis for judgment). Here,

8    plaintiff has failed to provide any notice to defendant as to what are the bases for his claims.

9           Further, under claims asserting fraud, plaintiff must meet the higher pleading standards of

10   "particularity," imposed by Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b);

11   *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). Because, however, plaintiff

12   may be able to cure his pleading defects by amendment, the Court will grant him 30 days leave to

13   amend.

14          Even if plaintiff had stated a claim upon which relief could be granted, however, the Court

15   could not grant his Application. The Court notes it is difficult to read and illogical. *See* Docket

16   No. 3. Plaintiff alleged he has a monthly income of $750,000 per month, no expenses, yet receives

17   Supplemental Security Income ("SSI") from the Social Security Administration. *See id.* The Court

18   could not approve such an Application. Because, however, plaintiff may be able to cure these defect

19   by amendment, the Court will grant plaintiff 30 days leave to amend.

20          **If, however, plaintiff fails to file an Amended Complaint and a new Application, within**

21   **30 days of the date of this Order, the Court will dismiss this matter without prejudice, for**

22   **failure to prosecute.**

23                                    **CONCLUSION**

24          For the foregoing reasons, the Court DENIES without prejudice plaintiff's Application to

25   Proceed *in Forma Pauperis* [Docket No. 3]. Likewise, the Court DISMISSES plaintiff's Complaint

26   [Docket No. 1]. Plaintiff has 30 days from the date of this Order to filed an Amended Complaint and

27   file a new Application. **If, however, plaintiff fails to file an Amended Complaint and a new**

28   ///

                                          3

Application, within 30 days of the date of this Order, the Court will dismiss this matter without prejudice, for failure to prosecute.

IT IS SO ORDERED.

April 30, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MALINKA MOYE,

        Plaintiff,

  v.

LYDIA BACA et al,

        Defendant.

Case Number: CV08-02124 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malinka  Moye
40. 42. Parsons Street
San Francisco,  CA 94118

Dated: April 30, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

5