**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

MALINKA MOYE,

        Plaintiff,

  v.

LYDIA BACA,

        Defendant.

No. C 08-02124 SBA

**ORDER**

[Docket No. 16]

        Before the Court is plaintiff's letter [Docket No. 16] requesting the Court to reopen this matter. For the following reasons, the Court DENIES the request. On April 24, 2008, plaintiff *pro per* sued defendant. *See* Docket No. 1. Plaintiff's complaint simply states he is suing under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*, the Uniform Fraudulent Transfers Act of 1996, the Uniform Fraudulent Conveyances Act, and perjury. Plaintiff provides no other allegations to support his listed claims. *See id.* This same day, plaintiff filed an Application to Proceed *in Forma Pauperis* (the "Application"). It was difficult to read and illogical. *See* Docket No. 3. For example, plaintiff alleges he has a monthly income of $750,000, no expenses, yet receives Supplemental Security Income from the Social Security Administration. *See id.*

        On April 30, 2008, the Court denied plaintiff's Application on the grounds his complaint failed to state a claim upon which relief could be granted, and because his Application failed to sufficiently demonstrate he could not pay or provide security for court costs and still provide himself and any dependents with the necessities of life. *See* Docket No. 5. Nonetheless, the Court gave plaintiff 30 days from April 30, 2008, to file a First Amended Complaint and an amended Application. *See id.* The Court warned plaintiff, however, if he failed to perform these tasks by this deadline, the Court would dismiss this matter without prejudice. *See id.*

        On May 1, 2008, Judge Phyllis J. Hamilton found plaintiff had filed in 2008, nine suits in the Northern District, some against the same defendants, and had failed to state a claim upon which

relief could be granted in any of them.  *See* Docket No. 6.  She also found plaintiff had been declared vexatious by the San Francisco Superior Court, where he had filed approximately 80 suits since 2002.  *See id.*  On May 6 and May 9, 2008, three pieces of court mail addressed to plaintiff were returned to the Clerk's office as undeliverable.[1]  *See* Docket Nos. 7-9.  On one envelope, someone had written not to send any more court mail to the address in question, and that they had a restraining order against plaintiff using this address, and would have him arrested if he appeared at it.  *See* Docket No. 7.

On July 1, 2008, the Court dismissed this matter without prejudice, because plaintiff filed neither a First Amended Complaint nor an amended Application by May 30, 2008, as ordered.  *See* Docket No. 10.  On July 8, 2008, the Order was returned to the Clerk's office as undeliverable.  *See* Docket No. 11.

More than four months later, on October 7, 2008, plaintiff filed a Motion to Reopen Case [Docket No. 12], and on October 10, 2008, he filed a new Application to Proceed In Forma Pauperis [Docket No. 13].  As grounds to reopen, he merely states, "[p]laintiff was falsely imprisoned, under duress & unable to appear in court.  Plaintiff[']s home has been robbed, illegally sold and occupied.  Defendant continues to fail to appear in court, illegally rents property."  Docket No. 12.  Plaintiff, however, provides insufficient detail with regards to dates, places, persons, *et seq.*, to explain his delay in complying with the Court's April 30, 2008 Order, or his subsequent delay in seeking to reopen this matter.  Nor does his motion cure the defects noted in the Court's Order regarding his complaint, as he still fails to state a claim upon which relief may be granted.

On October 22, 2008, the Court denied the Motion to Reopen Case on its merits, and denied the Application to Proceed In Forma Pauperis as moot.  Docket No. 14.  On October 27, 2008, the Order was returned to the Clerk's office as undeliverable.  *See* Docket No. 15.

On November 24, 2008, plaintiff filed the letter before the Court.  *See* Docket No. 16.  In it, plaintiff notes that the Court dismissed his matter and gave him leave to amend, "[h]owever, I was falsely imprisoned under being in violation of a restraining order."  *Id.*  He also states that he has

---

[1] A party, *pro per* or otherwise, has a duty to inform the Clerk of their current address, and may suffer a dismissal for failing to do so.  *See* N.D. Cal. L.R. 3-11.

2

contacted an attorney. *Id.* The Court notes that no attorney has substituted in for plaintiff. Further, plaintiff has still not explained in sufficient detail why he failed to comply with the Court's April 30, 2008 Order, or why he subsequently delayed in seeking to reopen this matter. As such, the Court DENIES plaintiff's request to reopen this matter. All matters calendared in this action are VACATED.

IT IS SO ORDERED.

December 1, 2008

_____
Saundra Brown Armstrong
United States District Judge

1 | UNITED STATES DISTRICT COURT
2 | FOR THE
3 | NORTHERN DISTRICT OF CALIFORNIA

6 | MALINKA MOYE,                                    Case Number: CV08-02124 SBA
7 |      Plaintiff,                              **CERTIFICATE OF SERVICE**
8 | v.
9 | LYDIA BACA et al,
10 |      Defendant.

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malinka Moye
42 Parson Street
San Francisco, CA 94118

Dated: December 2, 2008

                                          Richard W. Wieking, Clerk
                                          By: LISA R CLARK, Deputy Clerk